# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-16-00219-TUC-JGZ (DTF) |
| Plaintiff, | **ORDER** |
| v. | |
| Andrew Paul Mize, et al. | |
| Defendants. | |

Pending before the Court is a Report and Recommendation (R&R) issued by United States Magistrate D. Judge Thomas Ferraro. Judge Ferraro recommends that Defendant Slayden's Motion to Suppress (doc. 58) and Defendant Mize's Motion to Sever (doc. 62) be denied. (Doc. 85.) After review of the record, including Defendant Slayden's objections to the Report, the Court will adopt the R&R and order that the motions be denied.

## STANDARD OF REVIEW

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir. 1999); *see also Conley v. Crabtree*, 14 F. Supp. 2d 1203, 1204 (D. Or. 1998).

//

//

**DISCUSSION**

**I.     Defendants' Motion to Suppress**

Defendants[1] move to suppress evidence seized at the Border Patrol checkpoint following the search of Defendants' vehicle on the grounds that the video of the "free air canine search does not show the canine alerting and that the agents therefore did not have reasonable suspicion to conduct the subsequent search of the vehicle. (Doc. 58, p. 9.) In the R&R, Judge Ferraro recommends denying Defendants' Motion to Suppress on the grounds that the "collective knowledge" of the Border Patrol agents and the National Park Service ranger was sufficient to create a reasonable suspicion, prior to the time the canine unit was called to conduct the free air canine search. *United States v. Villasenor*, 608 F.3d 467, 475 (9th Cir. 2010). Judge Ferraro found that the agents' knowledge included the characteristics of the white utility truck, patterns of traffic to and from the Gringo Pass RV Park, evidence of foot traffic near a cut area of the border fence, and the behavior of Defendants when questioned by Agent Smith. (Doc. 85, pp. 6-7.) In his objection, Defendant Slayden argues that there was no reasonable suspicion prior to the canine search, or else the agents would not have waited 45 minutes for the canine unit to arrive. (Doc. 100.)

Having independently reviewed the evidence, this Court concludes that reasonable suspicion existed prior to the canine search. Agent Smith's observations about the utility truck, including the "void" area positioned under the air compressor and the lack of a professional appearance to the vehicle; the agents' familiarity with the Gringo Pass RV park; the evasive and inconsistent answers given by Defendant Slayden regarding electrical work being done there; and the information communicated to Agent Smith by Ranger Rinck and Agent Hughes, all give rise to an objective and reasonable inference of criminal activity that formed the basis of a particularized suspicion. *See United States v. Villasenor*, 608 F.3d 467, 473 (9th Cir. 2010) ("Reasonable suspicion "exists when an officer is aware of specific, articulable facts which, when considered with objective and

---

[1] Defendant Mize joined in Defendant Slayden's Motion to Suppress. (Doc. 61.)

- 2 -

reasonable inferences, form a basis for particularized suspicion."); *see also United States v. Valdes-Vega*, 738 F.3d 1074, 1079 (9th Cir. 2013) ("totality of the circumstances may include characteristics of the area, proximity to the border, usual patterns of traffic and time of day, previous alien or drug smuggling in the area, behavior of the driver, appearance or behavior of passengers, and the model and appearance of the vehicle"). The fact that the agents waited 45-50 minutes for the canine unit to arrive is irrelevant, as the test for reasonable suspicion is measured by the "objective reasonable man standard," not by the subjective impressions of any particular officer. *Gonzalez-Rivera v. I.N.S.*, 22 F.3d 1441, 1445 (9th Cir. 1994). Accordingly, the Court rejects the Defendant's objections and adopts the conclusions of the Magistrate Judge with regards to Defendants' Motion to Suppress.

**II.     Defendant Mize's Motion to Sever**

The Court finds no clear error in the Magistrate Judge's conclusion that Defendant Mize has failed to show prejudice sufficient to justify severance under Fed. R. Crim. P. 14. Even assuming that Defendant Slayden and Defendant Mize each argue that the co-defendant is responsible for the crime, this is the type of conflicting defenses that can be remedied by jury instruction. *Zafiro v. United States*, 506 U.S. 534, 539-40 (1993) (rejecting co-defendants' arguments that the very nature of their defenses, without more, prejudiced them); *United States v. Mayfield*, 189 F.3d 895, 903 (9th Cir. 1999) (defendant must show more than the co-defendants' defenses merely "conflict" or are "mutually antagonistic"). Finally, the Court agrees with the Magistrate Judge that Defendant Mize has not explained how a severance would resolve any perceived inability to effectively cross-examine Slayden concerning the video recording or how a severance would allow him to obtain the contents of Slayden's phone. *See Zafiro*, 506 U.S. at 539 ("[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.").

//

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED as follows:

1. The Report and Recommendation (doc. 85) is ACCEPTED AND ADOPTED;
2. Defendant Slayden's Motion to Suppress (doc. 58) is DENIED;
3. Defendant Mize's Motion to Sever (doc. 62) is DENIED.

Dated this 8th day of November, 2016.

_____
Honorable Jennifer G. Zipps
United States District Judge